LOUISE F. SWINT, as Administratrix of the Estate of CHARLES J. SWINT, Deceased, Respondent, *v.* WM. McEWAN COAL COMPANY et al., Appellants.

Crapser, Heffernan and Schenck, JJ., concur; Hill, P. J., dissents, in an opinion; Bliss, J., taking no part.

HILL, P. J. (dissenting). Defendants appeal from a judgment entered after the trial of the case before the court and a jury wherein a verdict of $25,000 was returned for the plaintiff. The decedent was the husband of the plaintiff-administratrix. The only issue is the amount of the verdict. The expectancy under the mortality tables at the time of decedent's death as to the widow was 15.39 years; as to the deceased 16.72 years, and his earnings were then at the rate of $1,555.84 a year. Counsel for the plaintiff-respondent stated in his summation that if the jury were to adopt the theory that they were to give consideration to earnings and expectancy, the verdict should be $26,013.64. Concerning that amount he says, " Now, that is merely a plain mathematical problem. It is his wages multiplied by his expectancy of life, and that's what I say is fair." She could not expect to receive his earnings beyond her expectancy. His annual earnings multiplied by her expectancy amounts to $23,944.37. Thus the verdict is about $1,056 in excess of what decedent would have earned during her expectancy at the rate of pay which he was receiving when he died. Incidentally this seems to have been the highest pay which he had ever received.

In counsel's argument that the jury should capitalize decedent's earnings, he assumed that decedent would use no money and he considered only two factors; earnings at the time of the death and decedent's life expectancy according to the mortality tables. There is the other and not inconsiderable item of interest which is a factor that should be considered if the verdict is to be based upon earnings and expectancy. Should a verdict be returned for the full amount of the earnings during the 15.39 years, which is the plaintiff's expectancy, she would presently receive the last year's salary fifteen years earlier than it would have been received had decedent lived. If interest were computed upon this at only three per cent, it would amount, for the fifteen years, to more than $700. Likewise, the time of payment of each annual installment of earnings being advanced would justify a comparable computation of interest, the interest period growing shorter as time advances. This would amount to several thousand dollars. Thus we have a verdict here which is more than $1,000 greater than decedent would have earned during the widow's expectancy, and the interest which would accrue would also further penalize the defendants.

Counsel in his summation charged that appellants' attorney had hoped that he would get some one on the jury who would be " sort of niggardly and not give her all she is entitled to. They were careful in the selecting of the jury. They were trying to get people that they thought were cheap." This was objected to. The court made no suggestion beyond a direction that the exception was to be noted. Thereafter, respondent's counsel, pursuing the same thought said, " That's the only hope they've got in this case, and it didn't take him long to rise to his feet when I told you that." This was not a proper argument.

The verdict is excessive and should be reduced.